William C. Hecht, Jr., J.
Defendants move for an order pursuant to section 180 of the Civil Practice Act dismissing the complaint as against them upon the ground that the plaintiff has neglected to serve the defendant Bozo, an indispensable party, as defined in section 193 of the Civil Practice Act, after a lapse of reasonable time afforded him to do so. It is alleged in a first cause of action against the moving defendants that the plaintiff and the defendant Bozo were and still are copartners *193 in a joint venture. In 1954 plaintiff and Bozo were engaged for the purpose of establishing contact with the officials of the Government of Venezuela to induce the government to make purchases from the defendants. For those services defendants agreed to pay to plaintiff and Bozo a sum equivalent to 5% of the total purchases. It is alleged that plaintiff and Bozo duly performed the contract, purchases were made and the earned compensation was not paid. They instituted an action in October, 1956, for recovery of the compensation. In the course of that action the plaintiff, Bozo, failed to appear for examination and failed to co-operate with his coplaintiff, the plaintiff in this action, and by reason thereof the action was dismissed. In this action the plaintiff has joined Bozo as a defendant by reason of his refusal to co-operate and no personal judgment is sought against him.
The second cause of action asserted against all of the defendants, save that no personal judgment is sought against the defendant Bozo, is in fraud and deceit. To that cause of action the defendant Bozo is not an indispensable party. The failure to make service of the summons upon Bozo it appears results from the fact that he now resides in Venezuela.
Since the defendant Bozo is an indispensable party to the first cause of action only and the defendants seek the dismissal of the complaint containing two causes of action, the motion is denied.